IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CASEY M. MITCHELL and BONNIE S. MITCHELL, husband and wife, and SUE A. MITCHELL, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | Case No. CV06-84-S-EJL <br><br> MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Defendant Government Employees Insurance Company's ("GEICO") motion for summary judgment (Docket No. 11) and motion to strike (Docket No. 20). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Plaintiffs Casey Mitchell, Bonnie Mitchell and Sue Mitchell (the "Mitchells") filed a complaint on January 18, 2006 alleging breach of contract, bad faith, violation of Idaho law, negligent infliction of emotional distress, intentional infliction of emotional distress and the right to move to amend to seek punitive damages against their car insurance company, GEICO. No motion for punitive damages was ever filed in the case.

In December 2003, the Mitchells notified GEICO that they intended to move from Georgia to Idaho. GEICO has business records reflecting the telephone call, but two different actions appear to have been taken by GEICO. One description of coverage shows a change in address to Nampa,

ID but Georgia rated coverage through March 26-2004. The other description shows a change in address to Nampa, ID and Idaho rated coverage through March 26, 2004. The overall rates for Idaho coverage were lower and specifically the rate for uninsured motorists coverage was reduced from $52.70 when rated in Georgia to $11.80 when rated in Idaho. Another business record of GEICO indicates an adjustment was made for garage location of vehicle in another state. There was no refund paid to the Mitchells as they were on an installment payment plan with GEICO. Plaintiffs allege they were not put on notice of the change in coverage until their insurance was going to be renewed in March 2004 and that they received documentation from GEICO indicating they were still covered under the Georgia policy in March 2004 and possibly until June 2004..

It is undisputed that the Mitchells were involved in an automobile accident on January 24, 2004. The Mitchells were not at fault in the accident. The driver of the other vehicle carried insurance, but the limits of the policy were exceeded by the injuries and damages incurred by the Mitchells. The Mitchells sought coverage for the accident under the uninsured motorist coverage of their policy. GEICO denied the coverage and Plaintiffs claim GEICO was slow working with the Mitchells in executing the necessary paperwork for settlement at the policy maximums with the other driver's insurance company. GEICO avers it was timely in its responses to Plaintiffs and based on their view that Plaintiffs did not have underinsured motorist coverage it was proper to deny the claims.

GEICO maintains that there is a notation in their business records that new policy information was sent to the Mitchells. The Mitchells have filed declarations indicating they never received any information on a new policy prior to the accident and they were not informed by GEICO, who sells insurance in both Georgia and Idaho, that the uninsured motorist coverage in Idaho was substantially different in its scope of coverage for underinsured motorists when compared to the Georgia policy. In Georgia, the statutory definition of "uninsured motorist" includes underinsured motorists, but in Idaho the definition of "uninsured motorist" does not include underinsured motorists only uninsured motorists.

Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine."  An issue is "material" if it affects the outcome of the litigation.  An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

## Analysis

1. Breach of Contract and Bad Faith Claims

GEICO seeks summary judgment on these claims arguing it had no duty to inform Plaintiffs of the change in underinsured motorist coverage between Georgia and Idaho. The Court finds that genuine issues of material fact exist regarding whether a new policy was issued or whether the existing policy was amended and whether Plaintiffs were provided notice of the changes in their insurance coverage.

GEICO cites the Court to Klimstra v. Garnstrom, 95 F.3d 686, 692-93 (8th Cir. 1996). The Court finds this case is distinguishable from the present facts and is not dispositive on the issues presented. In Klimstra, the plaintiff moved from Minnesota to Wisconsin and found a new insurance agent in Wisconsin as the Minnesota agent informed her he was not licensed to sell insurance in Wisconsin. The new Wisconsin agent compared the coverages under the old Minnesota policy and the new Wisconsin policy. The new agent advised plaintiff to purchase an increase in the dollar amount of uninsured motorist coverage based on the reduction in her overall premium and Plaintiff agreed to do so. Plaintiff was later involved in a "miss and run" accident where the oncoming car that caused her to swerve and crash did not actually contact her vehicle and the insured was unable to make a claim against the driver of that vehicle. Under Minnesota law, "miss and run" accidents are covered as "hit and run" accidents, but under Wisconsin state law, contact by the hit and run vehicle is required for uninsured coverage. Plaintiff argued the more lenient Minnesota definition

of "miss and run" should apply since she was not told of the difference in state law interpretations. The court disagreed finding the new policy was purchased in Wisconsin from a different agent and Wisconsin law applied to the contract, the plaintiff had actually increased her underinsured motorist coverage with the Wisconsin policy and the agents had no duty to advise of the difference in state law interpretations since the agents did not sell insurance in both states.

In the present case, GEICO sells insurance in both Georgia and Idaho; it appears GEICO did not issue a new policy as the policy number on the two declarations of insurance is the same (GEICO acknowledges a new business application was not required as the Mitchells were current policyholders); it is disputed as to when the change from Georgia to Idaho coverage was effective (GEICO correspondence arguably shows effective dates in December 2003, March 2004 and June 2004); and it is disputed whether Plaintiffs were provided notice of the change in policy coverage. Clearly, there was a reduction in the overall premium for the move to Idaho, but it is not clear whether and when the Plaintiffs were told of the corresponding reduction in coverage by the difference in state laws for uninsured/underinsured motorists. Even under Klimstra, GEICO would have a duty "when an insurer makes basic coverage changes, by way of renewal or endorsement, it has an obligation to notify the insured in writing of the change in coverage." 95 F.3d at 692.

The Court finds this case more similar to Featherson v. Allstate Insurance Company, 875 P.32d 937 (Idaho 1994). In Featherson, the plaintiff sought the same insurance coverage from Allstate. After an accident, the plaintiff discovered he did not have the same coverage for underinsured motorists he had previously had with his other carrier. The court found there was a genuine issue of material fact concerning a duty voluntarily undertaken by Allstate to provide plaintiff with underinsured motorist coverage when the plaintiff requested the "same coverage."

While there is no Idaho statute requiring a carrier to extend or offer underinsured motorist coverage, in this case its disputed whether GEICO ever advised Plaintiffs they did not have underinsured motorist coverage in Idaho although they had such coverage in Georgia. GEICO argues it never sold underinsured coverage in Idaho so it cannot be held liable, but the issue is what the Plaintiffs were told about their coverage and when they were advised of any changes in their coverage.

"An insurance policy is a contract and the parties rights and remedies are primarily established within the four corners of the policy." Featherson at 940. "'[A] special relationship

between insurer and insured which requires that the parties deal with each other fairly, honestly, and in good faith' and acknowledges the disparity in bargaining power between the insurer and the insured." Id. (Citations omitted.) "Ordinarily, an insured will look to his insurance agent, relying, not unreasonably, on his expertise in placing his insurance problems in the agent's hands." Id. In the present case, what the insured was told about his coverage and the duty of the insurance company to provide the same coverage for Idaho as Georgia or at least put the Plaintiffs on notice their coverage had been reduced is a factual dispute that must be decided by a jury.

Because there is a genuine issue of material fact regarding whether a breach of contract occurred and whether GEICO acted in bad faith in failing to approve the claim and to approve the settlement of the other driver's insurance, the motion for summary judgment on these claims must be denied.

2. Intentional and Negligent Infliction of Emotional Distress Claim

Defendant GEICO argues that Plaintiffs' claims for intentional and negligent infliction of emotional distress should be dismissed as a matter of law. Intentional infliction of emotional distress requires: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress was severe. See Payne v. Wallace, 32 P.3d 695, 698 (Idaho Ct. App. 2001). The tort of intentional infliction of emotional distress does not require a physical manifestation of the distress. Id.

Even assuming the first three elements for purposes of the motion for summary judgment, the Court finds Plaintiffs have failed to establish a genuine issue of material fact exists regarding the severity of the emotional distress incurred in this case. The Idaho courts have adopted the Restatement (Second) of Torts to describe the severity necessary to support recovery under this theory – the emotional distress must be "so severe that no reasonable man could be expected to endure it". Id. at 698. Simply being "upset, embarrassed, angered, bothered and depressed" does not demonstrate "severe" emotional distress. Davis v. Gore, 682 P.2d 1282, 1288 (Idaho Ct. App. 1984).

Plaintiffs state they have had some physical manifestation and that had GEICO authorized the settlement with the other driver's carrier they could have paid their bills on time and would not have suffered emotional distress. Missing from Plaintiff's briefing, affidavits or submitted portions of depositions is any indication of the severity of the emotional distress they suffered. Relying on the fact that Defendant continued the depositions of the Plaintiffs is insufficient to meet the Plaintiffs' burden of establishing severity. Clearly the Plaintiffs were frustrated and angered by GEICO's responses to their claims, but this is not sufficient to support a finding of severe emotional distress and the claim must be dismissed as a matter of law.

Negligent infliction of emotional distress requires that the alleged emotional distress be accompanied by physical injury or physical manifestations of injury. Czaplicki v. Gooding School Dist. No. 231, 775 P.2d 640 (Idaho 1989). "The 'physical injury' requirement is designed to provide some guarantee of the genuineness of the claim in the face of the danger that claims of mental harm will be falsified or imagined." Id. at 646. Defendant argues that Plaintiffs have failed to set forth sufficient evidence showing any particular physical manifestations of the alleged emotional distress. The Court agrees. Plaintiffs have not provided affidavits or medical documentation of any physical manifestations of emotional distress in response to the motion for summary judgment. In the responsive briefing, Plaintiffs' counsel argues "The depositions of Casey Mitchell and Sue Mitchell include GEICO's actions resulting in the support of their claims for emotional distress." See Response to the Motion for Summary Judgment Filed on March 15, 2007, Docket No. 14, p. 18. However, the depositions were not submitted as part of the record for the Court's review and the Court has no evidence of a physical manifestation of emotional distress in the record before it. Accordingly, there is no genuine issue of material fact regarding whether physical manifestations exist and the motion for summary judgment must be granted on this claim.

3. State Insurance Law Claims

GEICO moves to dismiss the state insurance law claims filed by Plaintiffs. Plaintiffs contend GEICO failed to provide them with an application for their Idaho policy as required by Idaho Code § 41-1811 and failed to deliver the policy in a reasonable amount of time as required by § 42-1824. Plaintiffs argue that failing to deliver the policy was in violation of § 42-1824, but fails to address the legal argument that since there is a common law remedy, there is not a private right of action.

MEMORANDUM ORDER - Page 7
07ORDERS\MITCHELL_SJ.WPD

The statute does not expressly set forth a private right of action under § 42-1824. "[W]hen a statue is silent regarding private enforcement, courts may recognize a private right only when it is necessary to assure the effectiveness of the statute." Foster v. Shore Lodge Club, Inc., 908 P.2d 1228, 1233 (1995). In reviewing the Idaho statutes, the Court agrees that § 41-1811 is not applicable to the case at bar and there is no private right of action under § 41-1824 since an adequate common law remedy exists. Accordingly, the state insurance law claims are dismissed as a matter of law.

## Order

Being fully advised in the premises, the Court hereby orders that:

1) Defendant's motion for summary judgment (Docket No. 11) is GRANTED IN PART AND DENIED IN PART. Plaintiffs' emotional distress claims and state insurance law claims are dismissed as a matter of law while the breach of contract and bad faith claims survive the motion for summary judgment.

2) Defendant's motion to strike (Docket No. 20) certain affidavits for technical violations of the electronic filing requirements and because the affidavits contain hearsay is DENIED.

DATED: **September 4, 2007**

Honorable Edward J. Lodge
U. S. District Judge